IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| M. Clay Winslett, ) | C.A. No. 4:09-cv-2431-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carmen Shaw; Shaw Holdings, LLC; JDH ) | |
| Capital Brokerage, LLC: JDH Capital, LLC; ) | |
| Gary J. Davies; David P. Hill; Cameron ) | |
| Todd Ware, Esq.; John Buben, Esq.,; ) | |
| Robert Lindauer, Esq.; and Johnston ) | |
| Allison & Hord, PA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This case was originally filed in the South Carolina Court of Common Pleas, Horry County, on August 18, 2009. The case was removed to this Court on September 15, 2009. (Doc. #1). On September 21, 2009, the plaintiff filed a motion to remand this action to state court. (Doc. #16). On December 2, 2009, United States Magistrate Judge Thomas E. Rogers, III, to whom this case was previously assigned, issued an Order granting the plaintiff's motion to remand this action to state court. (Doc. #26). The defendants filed objections to the Magistrate Judge's Order remanding this case on December 14, 2009. (Doc. #27). The plaintiff filed a reply to the defendants' objections on December 16, 2009. (Doc. #28).

This matter is now before the Court for consideration of the defendants' objections to the Magistrate Judge's Order remanding this action to state court. The basis for the Magistrate Judge's Order remanding the case is that there is no federal diversity jurisdiction in this action, and that removal of this case from state court was inappropriate. Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court may:

> designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to dismiss or quash an indictment or information made by the defendant or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

Additionally, Rule 72(a) of the Federal Rules of Civil Procedure states that:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The Magistrate Judge in this case has issued an Order remanding the case to state court, and the defendants have availed themselves of the opportunity for District Court review as provided in the above cited authority. The Court has fully considered the objections in accordance with the provisions of Federal Rule of Civil Procedure 72(a) and made a *de novo* review of issues raised by the objections of the defendants. In reviewing objections to a nondispositve order of a Magistrate Judge under Rule 72(a), this Court will "modify or set aside any part of the order that is clearly erroneous or contrary to law." After full review of the filings in this case, this Court is persuaded that there is no federal diversity jurisdiction in this matter. The Court finds the Magistrate Judge's Order of Remand to be well-reasoned, and neither clearly erroneous nor contrary to law.

Therefore, this Court **AFFIRMS** the Magistrate Judge's decision to **REMAND** the above captioned case to the Court of Common Pleas, Horry County, South Carolina.

**IT IS SO ORDERED.**

s/Terry L. Wooten
United States District Judge

January 8, 2010
Florence, South Carolina